# MANDATE

07-3119-cv
Masters v. Wilhelmina Model

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____               │
│ DATE FILED: APR 0 8 2009    │
└─────────────────────────────┘
```

02-cv-4911
S.D.N.Y. / NY, NY
Baer, J.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

#### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER.)" A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and nine.

PRESENT:

> HON. ROSEMARY S. POOLER,
> HON. SONIA SOTOMAYOR,
> *Circuit Judges,*
> HON. BARBARA S. JONES,[*]
> *District Judge.*

---

CAROLYN FEARS and TIFFANY CONNOR, on their own behalf
and on behalf of a class of similarly situated persons,

> *Plaintiffs-Appellants,*

HAYES & HARDY LLP and BOIES, SCHILLER & FLEXNER LLP,

> *Appellants,*

v.                                                          No. 07-3119-cv

WILHELMINA MODEL AGENCY, INC., also known as Wilhelmina

---

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:
APR 0 6 2009

Artist Management LLC, FORD MODELS, INC., formerly known as
Ford Model Agency, CLICK MODEL MANAGEMENT, INC., NEXT
MANAGEMENT COMPANY, BOSS MODELS, INC., GERARD W
FORD, DNA MODEL MANAGEMENT, LLC, IMAGES
MANAGEMENT, INC. and IMG MODELS, INC.,

*Defendants-Appellees.*

---

Appearing for appellants:

PAUL R. VERKUIL, Boies, Schiller &
Flexner LLP, New York, NY (Olav A.
Haazen, Melissa S. Kho, Boies, Schiller &
Flexner LLP, Armonk, NY; Andrew W.
Hayes, Hayes & Maloney LLP, New York,
NY; Merrill G. Davidoff, Bart D. Cohen,
Berger & Montague, P.C., Philadelphia, PA,
*on the brief*).

Appearing for appellees
Ford Models, Inc. and Gerard W. Ford:

DAVID ELBAUM (Kenneth R. Logan, *on
the brief*), Simpson Thacher & Bartlett, LLP,
New York, NY.

Appearing for appellee Next Management, LLC:

JEROME GOTKIN, Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo, P.C., New York,
NY.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND
DECREED that the judgment of the district court is VACATED and the case is
REMANDED for further proceedings consistent with this decision.

The plaintiffs-appellants and their counsel appeal from a decision of the United
States District Court for the Southern District of New York (Baer, J.), upon remand from
this Court, awarding residual funds from the settlement of the plaintiffs-appellants' class
action to charities pursuant to the doctrine of *cy pres* and awarding attorneys' fees equal
to approximately 20% of the total settlement fund.  We assume the parties' familiarity
with the facts, the procedural history of the case, and the issues on appeal.

Our review of the issues on appeal is hampered by the district court's failure to
explain sufficiently the basis for its decision on remand not to award further attorneys'
fees.  In its initial decision, the district court chose to award fees by the 'percentage of the

fund' method, using counsel's lodestar as a "crosscheck," and made findings with respect to three of the six *Goldberger* factors that were favorable to plaintiffs' counsel. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2005 WL 1041134, at *5–8 (S.D.N.Y. May 5, 2005) ("*Fears I*") (discussing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). The sole determinations disfavoring counsel were the district court's decisions to calculate fees as a percentage of the claims filed and to reduce the award to reflect conduct for which counsel already had been sanctioned. *Id.* at *4, 8. This Court reversed both of those determinations on appeal. *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007). On remand, the district court noted this Court's decision, but adhered to its initial fee award without explaining why, given that all six *Goldberger* factors now favored plaintiffs' counsel, the unchanged fee award remained reasonable.[1] *See generally Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2007 WL 1944343 (S.D.N.Y. July 5, 2007) ("*Fears II*").

The district court certainly was not required on remand to increase its fee award. But it was required to explain adequately its reasons for determining that the unchanged award was reasonable, and the explanation it provided on remand was incomplete. In particular, the district court gave no indication that it had reconsidered the size of the requested fee in relation to the settlement fund, but instead simply referenced its initial analysis of that *Goldberger* factor, *Fears II*, 2007 WL 1944343 at *4–5, even though this Court had held that analysis to be based upon an error of law because it measured the award against only part of the overall settlement fund, *Masters*, 473 F.3d at 436–37. With respect to counsel's lodestar, the district court on remand cited cases allowing a "negative multiplier" when an award of the lodestar might "swallow up" settlement funds, *Fears II*, 2007 WL 1944343 at *5, but did not explain how that danger was presented by this case, in which significant funds remained after payment of all filed claims. Nor did the district court revisit any of its findings that were favorable to counsel and which established that counsel had performed a valuable public service by taking on extensive litigation with significant risks and had obtained a substantial settlement allowing full payment of every claim that was filed. *Fears I*, 2005 WL 1041134 at *5–8. Because of these deficiencies in the district court's explanation, we have no basis to determine whether it was an abuse of discretion for the district court to adhere to its initial award (as increased to reflect subsequent work) of fees equal to only around 20% of the fund and less than half of counsel's lodestar, and therefore must remand to the district court for reconsideration of the appropriate award of attorneys' fees. *Cf. In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 568 (2d Cir. 1994) (holding district court abused discretion by changing characterization of defendant's conduct "without a reasoned explanation") *overruled on other grounds by Fogerty v. Fantasy, Inc.* 510 U.S. 517, 533 (1994).

---

[1]    The District Court increased the fee award slightly to reflect additional work performed subsequent to its initial decision. *Fears II*, 2007 WL 1944343, at *6.

Our decision regarding the district court's award of attorneys' fees requires us also to vacate that court's decision to award residual funds to charities pursuant to the doctrine of *cy pres*. We nevertheless address this issue, because excess funds may remain after the district court reconsiders the fee award on remand, and hold that the district court did not err in awarding the residual funds to charities rather than to the plaintiffs as treble damages or pursuant to the plaintiffs' other alternatives. Although the district court on remand noted a potential legal obstacle to awarding treble damages under the Clayton Act without a finding of actual injury, it expressly assumed that it could award such damages, and based its decision to make a *cy pres* distribution instead on equitable grounds. That decision was a permissible exercise of the district court's discretion, and was not based upon any error of law. *See Masters*, 473 F.3d at 436 (reviewing allocation of residual funds for abuse of discretion).

Accordingly, the decision of the district court awarding fees to plaintiffs' counsel, and awarding the residual settlement funds to charities pursuant to the doctrine of *cy pres*, is VACATED and the case is REMANDED to the district court for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

4

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by_____
            DEPUTY CLERK